IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM MOECKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ST. LOUIS FAMILY COURT/STATE ) | |
| OF MISSOURI ) | JURY TRIAL DEMANDED |
| ) | |
| BEN BURKEMPER, in his individual ) | |
| capacity, and ) | |
| ) | |
| CLIFFORD FADDIS, in his individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

**PARTIES & JURISDICTION**

1. At all times relevant herein, Plaintiff, Kim Moeckel (hereinafter "Moeckel"), was and is a resident of the City of Waterloo, in the State of Illinois and a citizen of the United States of America. At all times relevant herein, Moeckel was employed by the St. Louis Family Court/State of Missouri as the Educational Programs Manager. Moeckel is a Caucasian female.

2. The St. Louis County Family Court/State of Missouri, is located in St. Louis County, State of Missouri, in the Eastern Division of the Eastern District of Missouri and is an "employer" within the meaning of the Missouri Human Rights Act and Title VII.

3. Defendant Ben Burkemper (hereinafter "Burkemper") was the Family Court Administrator and an "employer" within the meaning of the Missouri Human Rights Act. He

is sued in his individual capacity.

4. Defendant Clifford Faddis (hereinafter "Faddis") was the Director of Human Resources and an "employer" within the meaning of the Missouri Human Rights Act. He is sued in his individual capacity.

5. The adverse employment action Moeckel suffered when she was not promoted to the position of Director of Court Programs for the Family Court of St. Louis County by the Defendants occurred in the County of St. Louis, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

6. This action is brought pursuant to 42 U.S.C. §2000(e) *et seq.*, 42 U.S.C. § 1981, and § 213.010 *et seq*. R.S.Mo. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

7. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

8. Moeckel has been an employee of the Department since 1986.

9. On May 10, 2017, Moeckel interviewed for the position of Director of Court Programs for the Family Court of St. Louis County ("Director Position").

10. On May 15, 2017, Moeckel was informed that the decision was made to promote another candidate into the position.

11. The candidate that was promoted to the Director Position, "T.B" was African-American and less qualified for the position than Plaintiff.

12. Throughout the interview process, Family Court representatives, Defendant

Burkemper, Family Court Administrator, and Defendant Faddis, Director of Human Resources, violated the Court's policies and procedures as stated in the Human Resources Manual.

13. The Job Posting stated minimum qualifications as being different (lower) for this Directorship than for all the other Directorships in Family Court.  The minimum qualifications had been "watered down" and the management qualification for a Director had changed from "at least 5 years should be at the management level" to "at least some should be at the management level."

14. Per the description of Moeckel's job class, Moeckel had more managerial requirements for her then current position than did T.B. who was placed in the Director role.

15. The Court's Policy on Competitive Promotions states, "Employee must meet the minimum qualifications established for the position."  This refers to the minimum qualifications established and stated in the Job Classification Document, not the job posting. T.B. possessed only one year of managerial experience as an Assistant Manager.

16. The Job Description for the Director of Court Programs was never updated to match the Job Posting.

17. The Family Court Job Classifications Document was not been updated to provide accurate information to include new classification and compensation for the Director of Court Programs position. The information this document provided was ignored and not enforced by the Human Resources Director or the Family Court Administrator in the hiring process for the Director Position.

18. The change in the hiring process and interview process to accommodate this one African-American candidate was so obvious, that other staff complained about how the

job posting was written in that it was blatantly designed specifically to and for one person, T.B.

19. Mr. Faddis told another employee that they are being directed by the Memorandum of Understanding with the Department of Justice to place more African American staff in administrative positions.

20. Moeckel also personally witnessed Mr. Faddis stating that the Family Court needed more African-American staff to work with African-American youth and that this is in accordance with what the Court's Memorandum of Understanding with the Department of Justice.

21. Faddis and Burkemper purposely conspired with one another to change the job qualifications to make sure that only the certain person, T.B., had received what was needed to satisfy their new qualification of preferred previous experience.

22. Moeckel filed a grievance with the Family Court based upon its failure and refusal to comply with its own policies and procedures in filling the Director position. Moeckel's grievance was denied.

23. Moeckel was denied the promotion to Director, for which she was highly qualified, and more qualified than the person that received the promotion, on the basis of her race, in violation of Title VII and the Missouri Human Rights Act.

24. Moeckel timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Missouri Commission on Human Rights (hereinafter "MCHR").

25. The Department of Justice and the MCHR issued Moeckel "right to sue" letters. The DOJ issued its letter on October 19, 2018 and the MCHR issued its letter on August 8,

2018.  See **Exhibit 1 and 2**.

26.     As a direct and proximate result the acts of the Defendants as alleged herein, Moeckel was not promoted to the position of Director, even though more qualified than the candidate that was placed in the position. Additionally, and without waiver of the foregoing, as a direct and proximate result of the acts of the Defendants as alleged herein, Moeckel has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

## COUNT I
## PLAINTIFF'S TITLE VII AND MHRA CLAIMS BASED UPON RACE DISCRIMINATION

For Count I of Plaintiff's cause of action against all Defendants, Plaintiff states:

27.     Moeckel alleges and incorporates by reference as if fully set forth herein, all paragraphs of her Complaint stated above.

28.     Moeckel applied for the promotion to the open position of Director of Court Programs.

29.     Moeckel was rejected for the position of Director of Court Programs because of her race, white, by the Defendants.

30.     Moeckel was more qualified for the position of Director of Court Programs than the person ultimately selected for the position, T.B.

31.     A less qualified African-American was promoted to the position of Director of Court Programs by Defendants because of her race.

32.     Moeckel suffered an adverse employment action when she was not promoted to the position of Director of Court Programs despite being better qualified for the open position.

33.     Any purported reasons that the Defendants might offer for the promotion of T.B.

over Moeckel to the position of Director of Court Programs is nothing but pretext to conceal the Defendants' illegal discrimination against Moeckel.

34. The actions, policies and practices complained of herein were in violation of Moeckel's rights secured by 42 U.S.C. §2000(e) *et seq.* and R.S.Mo. §213.010 *et seq.*

35. As a direct and proximate result the acts of the Defendants as alleged herein, Moeckel was not promoted to the position of Director of Court Programs, even though more qualified, and thereby suffered loss wages and future promotional opportunities.

36. Additionally, and without waiver of the foregoing, as a direct and proximate result of the acts of the Defendants as alleged herein, Moeckel has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

37. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Moeckel's statutory rights as set forth above, making an award of punitive damages appropriate to punish the Defendants and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Kim Moeckel prays this Court enter judgment in her favor and against the Defendants and thereafter order Defendants to make her whole by awarding her damages for any and all losses or damages she has suffered including lost wages and future loss wages and other promotional opportunities; awarding damages to Moeckel for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Moeckel punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct; awarding Moeckel the costs of this action, together

with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT II
## VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION COGNIZABLE UNDER 42 U.S.C. SECTION 1983

For Count II of Plaintiff's cause of action against all Defendants, Plaintiff states as follows:

38. Plaintiff incorporates by reference as if fully set forth herein all the preceding paragraphs set forth above in this Complaint.

39. Defendants, acting under color of state law, deliberately acted against Moeckel as set forth above because of her race, white, causing her to be deprived of her rights secured by the Constitution and laws of the United States.

40. The actions, policies and practices complained of were in violation of 42 U.S.C. §1983 in that they have denied Moeckel of her rights secured by Title VII of the Civil Rights Act of 1964, as well as equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution.

41. The actions complained of herein were made by those with final policy-making authority and/or approved by those with final policy-making authority within the the Family Court as part of a deliberate policy of discrimination against a white employee of the Family Court more qualified for the open position of Director of Court Programs.

42. As a direct and proximate result the acts of the Defendants as alleged herein, Moeckel was not promoted to the position of Director of Court Programs, even though more qualified, and as a result suffered lost wages. Additionally, and without waiver of the foregoing, as a direct and proximate result of the acts of the Defendants as alleged herein, Moeckel has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience,

humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

43.     The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Moeckel's constitutional and statutory rights as set forth above, justifying an award of punitive damages against the Defendants in their individual capacities to punish them and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Kim Moeckel prays this Court enter judgment in her favor and against the Defendants and thereafter order Defendants to make her whole awarding her damages for any and all losses or damages she has suffered, including lost and future wages; awarding damages to Moeckel for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Moeckel punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct; awarding Moeckel the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT III
## VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY 42 U.S.C. SECTION 1981

For Count III of Plaintiff's cause of action against all Defendants, Plaintiff states as follows:

44.     Plaintiff incorporates by reference as if fully set forth herein all paragraphs stated above in this Complaint.

45. Defendants refused to promote Moeckel to the position of Director of Court Programs, even though she was more qualified for the open position.

46. Moeckel's race was the determining factor, motivating factor, or played a part in the Defendants' decision not to promote Moeckel even though she was more qualified for the open position.

47. Any stated reason for promoting T.B. over Moeckel was not the real reason for promoting her over Moeckel but a pretext to hide race discrimination.

48. As a direct and proximate result the acts of the Defendants as alleged herein, Moeckel was not promoted to the position of Director of Court Programs, even though more qualified, and lost past wages and wages in the future. Additionally, and without waiver of the foregoing, as a direct and proximate result of the acts of the Defendants as alleged herein, Moeckel has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

49. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Moeckel's statutory rights as set forth above, justifying an award of punitive damages against the Defendants in their individual capacities to punish them and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, Plaintiff Kim Moeckel prays this Court enter judgment in his favor and against the Defendants and thereafter order Defendants to make her whole by awarding her damages for any and all loses or damages she has suffered, including lost and future lost wages; awarding damages to Moeckel for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Moeckel

punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct; awarding Moeckel the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IV
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

For Count IV of Plaintiff's cause of action against Defendants Burkemper and Faddis, Plaintiff states as follows:

50. Plaintiff incorporates by reference as if fully set forth herein all paragraphs set forth above in this Complaint.

51. Defendants, acting under color of state law, conspired together and amongst themselves and as a result reached a mutual understanding to promote T.B., an African-American female, over Moeckel, a white female, even though Moeckel was more qualified to fill the open position of Director of Court Programs, because of T.B.'s race. Additionally and without waiver of the foregoing, Defendants conspired to undertake a course of conduct to protect each other from the consequences of their constitutional and statutory violations, which in furtherance of the conspiracy violated Moeckel's constitutional right to equal protection under the laws and federal statutory rights to be free from race discrimination.

In furtherance of this conspiracy, the Defendants committed the following overt acts:

    a.    Defendants attempted to discourage Moeckel from applying for the position of Director of Court Programs because she was more qualified for the open position than T.B.

    b.    Defendants together changed the job description to fit the qualifications of T.B. because of her race.

    c.    Defendants promoted Taylor to the position of Director of Court Programs because of her race, even though Moeckel was more qualified for the position.

    d.    When Moeckel filed an internal grievance regarding the promotion of T.B. over her and the manner in which it occurred, the Defendants denied the grievance in an effort to conceal their illegal discrimination against Moeckel.

    e.    Defendants engaged in the conduct as set forth herein to protect themselves from the consequences of their misconduct.

52.    Defendants shared the general conspiratorial objective which was to promote T.B. over Moeckel because of her race, African-American. Such conduct is so pervasive in the Family Court and/or is engaged in by supervisors with final policy-making authority

53.    Defendants furthered the conspiracy by participating in it from its inception or by participating in the cover-up thereof and/or ignoring the course of conduct set forth herein so as to insulate themselves and others from liability for the outrageous and unlawful acts of the Defendants as described herein, showing a tacit understanding to carry out the prohibited conduct.

54.    As a direct and proximate result of the conspiracy amongst the Defendants and in furtherance thereof, Moeckel was not promoted to the position of Director of Court

Programs because of her race, and thereby deprived of her constitutional right to equal protection under the laws secured by the 14th Amendment to the United States Constitution and her federal statutory right to be free from illegal discrimination as secured by Title VII of the Civil Rights Acts of 1964 and 42 U.S.C. § 1981, protected by 42 U.S.C. § 1983.

55. As a direct and proximate result of the conspiracy amongst Defendants and in furtherance thereof, Moeckel was not promoted to the position of Director of Court Programs, even though more qualified, and lost wages and future wages. Additionally, and without waiver of the foregoing, as a direct and proximate result of the acts of the Defendants as alleged herein, Moeckel has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

56. The conduct of the Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Moeckel's constitutional and federal statutory rights as set forth above, justifying an award of punitive damages against the Defendants in their individual capacities.

WHEREFORE, Plaintiff Kim Moeckel prays this Court enter judgment in her favor and against Defendants Burkemper and Faddis and thereafter order them to make Moeckel whole by awarding her damages for any and all losses or damages she has suffered including lost wages and future lost wages; awarding damages to Moeckel for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation; awarding Moeckel punitive damages against the individual Defendants in their individual capacities in such sum as this Court believes will serve to punish them and to deter them and others from like conduct; awarding Moeckel the costs of this action, together with

her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

**NEWTON BARTH, L.L.P.**

By: /s/ *Brandy B. Barth*
Brandy B. Barth, 56668MO
555 Washington Ave., Suite 420
St. Louis, Missouri 63101
(314) 272-4490 – Telephone
(314) 762-6710 – Facsimile
bbarth@newtonbarth.com

Attorney for Plaintiff