UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM MOECKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-01891-JAR |
| ) | |
| ST. LOUIS FAMILY COURT/ ) | |
| STATE OF MISSOURI, ) | |
| BEN BURKEMPER, in his individual capacity, ) | |
| and CLIFFORD FADDIS, in his individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants St. Louis Family Court/State of Missouri ("the State"), Ben Burkemper, and Clifford Faddis' motion to dismiss. (Doc. No. 3). The motion is fully briefed and ready for disposition. For the reasons set forth below, the motion will be granted in part and denied in part.

### I. Background

On November 6, 2018, Plaintiff, a white female, filed this employment discrimination action, asserting violations of Title VII, 42 U.S.C. § 2000, *et seq.*; the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010, *et seq.*; 42 U.S.C. § 1983; 42 U.S.C. § 1981; and conspiracy to violate civil rights. Specifically, Plaintiff asserts that she was discriminated against on the basis of her race when she was not promoted to Director of Court Programs for the Family Court of St. Louis, and that Defendants lowered the qualifications for the position for the purpose of hiring a particular African-American candidate, T.B.

1

Defendants filed this motion to dismiss, arguing (1) that Plaintiff's Title VII claim against Defendants Burkemper and Faddis fail because there is no individual liability under the statute; (2) the State is not a "person" subject to suit under § 1983; (3) Plaintiff's § 1981 claim fails because such a claim against state actors must be brought pursuant to § 1983; and (4) Plaintiff fails to allege with particularity materials facts that Defendants Burkemper and Faddis reached any agreement to deprive Plaintiff of her civil rights, which is insufficient to state a claim for conspiracy.

Plaintiff concedes in her response that Plaintiff's Title VII claims against Defendants Burkemper and Faddis fail and that the State is not a "person" subject to suit under § 1983. Thus, she consents to partial dismissal of those claims. However, she maintains that she properly asserts § 1981 claims, via violations of the Equal Protection Clause, against the State. She further argues that she has cited numerous facts demonstrating explicit actions that were taken in concert sufficient to survive a motion to dismiss her conspiracy claim. In reply, Defendants acknowledge Plaintiff's concessions and assert that under the Eleventh Amendment, the State is immune from Plaintiff's § 1981 claim. Plaintiff did not seek leave to file a sur-reply.

## II. Discussion

In deciding this motion to dismiss, the Court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). Complaints should be liberally construed in the plaintiffs' favor and "'should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir.2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

§ 1981 claim

"Although § 1981 permits a cause of action against private actors, where . . . a plaintiff brings a claim pursuant to § 1981 against an individual who was acting under color of law, the claim must be asserted through § 1983." *A.L.L. Constr., LLC v. Metro. St. Louis Sewer Dist.*, No. 4:17-CV-02367-AGF, 2018 WL 1638384, at *6 (E.D. Mo. Apr. 5, 2018) (citing *Jones v. McNeese*, 746 F.3d 887, 896 (8th Cir. 2014). "A plaintiff establishes a prima facie case under § 1981 by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts)." *Harris v. Hays*, 452 F.3d 714, 718 (8th Cir. 2006).

Claims brought under 42 U.S.C. §§ 1981 and 1983 are closely related, and a district court may consider them together. *Zimmerman v. Arkansas Dep't of Fin. & Admin.*, No. 5:17CV00160 JM, 2018 WL 700850, at *2 (E.D. Ark. Feb. 2, 2018), *aff'd,* 745 F. App'x 666 (8th Cir. 2018) (citing *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998). Here, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party, the Court concludes that Plaintiff has set forth sufficient facts to state an equal protection violation against Defendants Burkemper and Faddis, and the absence of any reference to § 1983 is not fatal.

However, Plaintiff's § 1981 claim fails as to the State because states and state agencies are immune from § 1981 claims in federal court. *Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005); *see also Rodgers v. Univ. of Mo. Bd. of Curators*, 56 F. Supp. 3d 1037, 1049 (E.D. Mo. 2014) (dismissing claims under §§ 1981, 1983, and the Fourteenth Amendment based

3

on Eleventh Amendment immunity). Accordingly, the Court will dismiss Plaintiff's § 1981 claims against the State.

Conspiracy claim

To state a claim under the equal protection provisions of the first part of § 1985(3),[1] Plaintiff must allege (1) a conspiracy, (2) for the purpose of depriving another of the "equal protection of the laws, or of equal privileges and immunities under the laws;" (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right. *Federer v. Gephardt*, 363 F.3d 754, 757–58 (8th Cir. 2004) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03 (1971) and 42 U.S.C. § 1985(3)). "A claim under this part of the section also requires proof of a class-based animus." *Id.* (citing *Griffin,* 403 U.S. at 102)). In

---

[1] In its entirety, 42 U.S.C. § 1985(3) states:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

"The first part of section 1985(3) is often referred to as the equal protection provisions of the section because of the language 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the *equal protection of the laws, or of equal privileges and immunities under the laws.*'" *Federer*, 363 F.3d at 758 n.2.

4

addition, Plaintiff must allege that an independent federal right has been infringed. "Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights." *Id.* "The source of the right or laws violated must be found elsewhere." *Id.*

"For a private conspiracy to come within the ambit of the first clause of § 1985(3), the plaintiff must also establish (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirator's action;' and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." *Id.* (citing *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267–68 (1993) (internal quotations omitted).

Here, Plaintiff contends that Defendants Burkemper and Faddis conspired and "reached a mutual understanding to promote T.B., an African-American female, over Moeckel, a white female, even though Moeckel was more qualified to fill the open position of Director of Court Programs, because of T.B.'s race." (Doc. No. 1 at ¶ 51). Plaintiff then alleges that Defendants discouraged Plaintiff from applying for the open position and changing the job description to fit the qualifications of T.B. She alleges that Defendants "shared the general conspiratorial objective which was to promote T.B. over Moeckel because of her race," and Plaintiff contends that Defendants thereafter engaged in conduct to conceal their illegal discrimination. (*Id.*).

After careful review, the Court concludes Plaintiff's claims are all conclusory and fail to satisfy the elements necessary to establish a conspiracy. Plaintiff provides no facts to support the existence of a mutual agreement and intent to discriminate by the defendants in this case. The fact that two defendants have a similar intent is not, by itself, evidence of a conspiracy. Accordingly, Defendants' motion to dismiss as to Plaintiff's conspiracy claim will be granted.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants St. Louis Family Court/State of Missouri, Ben Burkemper, and Clifford Faddis' motion to dismiss (Doc. No. 3) is **GRANTED in part and DENIED in part**. The following claims are dismissed with prejudice: (1) Plaintiff's Title VII claims against Defendants Burkemper and Faddis; (2) Plaintiff's § 1983 claims against the State; and (3) Plaintiff's § 1981 claims against the State. Plaintiff's civil conspiracy claim is dismissed without prejudice.

The Court will by separate order set this matter for a Rule 16 Conference.

Dated this 26th day of September, 2019.

_____
JOHN A. ROSS
**UNITED STATES DISTRICT JUDGE**